1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  ANYA M. BINSACCA
   Supervising Deputy Attorney General
5  PATRICIA WEBBER HEIM, State Bar No. 230889
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7   Telephone: (415) 703-5603
    Fax: (415) 703-5843
8   Email: Patricia.Heim@doj.ca.gov

9  Attorneys for Respondent

10

11              IN THE UNITED STATES DISTRICT COURT

12            FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                     SAN FRANCISCO DIVISION

| | |
|---|---|
| SANTIAGO MONTENEGRO,<br><br>                    Petitioner,<br><br>     v.<br><br>ROBERT AYERS, Jr.,<br><br>                    Respondent. | C 07-3906 WHA<br><br>**ANSWER TO ORDER TO SHOW CAUSE; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge: The Honorable William Alsup |

## INTRODUCTION

Petitioner Santiago Montenegro is a California state inmate at the Correctional Training Facility, proceeding pro se in this habeas corpus action. Petitioner, who is currently serving an indeterminate life term for second degree murder, alleges that the Board of Parole Hearings unconstitutionally denied him parole at his 2006 parole consideration hearing. Montenegro alleges that his due process rights were violated because there was no evidence to support the Board's denial. On August 3, 2007, this Court issued an Order to Show Cause. Respondent

Acting Warden Ben Curry answers as follows[1]:

## ANSWER TO ORDER TO SHOW CAUSE

In response to the petition for writ of habeas corpus filed in this Court on February 5, 2007, Respondent hereby admits, denies, and alleges the following:

1.  Montenegro is lawfully in the custody of the California Department of Corrections and Rehabilitation following his October 30, 1992 conviction for second degree murder. (Ex. 1 – Abstract of Judgment.) Montenegro is currently serving an indeterminate life sentence of seventeen years to life. (*Id.*; Ex. 2 at 1 – Appellate Court decision.) Montenegro does not challenge his underlying conviction in the current proceeding. (Order to Show Cause at 1.)

2.  Respondent affirmatively alleges that on November 13, 1985, Santa Maria police officers found the victim slumped in the right front passenger seat of a car, with a gun-shot wound in the front of his neck. (Ex. 3 at 2 – Probation Officer's Report.) The victim was taken to a hospital, where he later died as a result of a gun-shot wound that went through his neck and chest area, and exited out the back. (*Id.*) There was a second gun-shot wound in the victim's left shoulder. (*Id.*) On the night of his murder, the victim had been inside a bar with his girlfriend (Beltran). (*Id.*) Montenegro followed Beltran outside the bar as she went to the victim's car, got in the car with her, and tried to kiss her. (*Id.*) The victim came out of the bar, saw what was happening, and pulled Montenegro out of the car. (*Id.*) After Montenegro and the victim argued, Montenegro pulled a gun from his waistband, and fired it three or four times, killing the victim. (*Id.*) Montenegro ran away. (*Id.*)

After his arrest, Montenegro told police that he had hidden in a cardboard box in an alley until daylight, had lived in Reedley, California and Tijuana, Mexico, and for the last two years had lived in Guadalupe, Mexico. (Ex. 3 at 2-3.) Montenegro also said he was innocent and that even though a jury found him guilty, he was not sure he would be sentenced to prison. (*Id.* at 3.)

---

1. A proper habeas respondent is the person having custody of the petitioner, such as the warden. Rule 2(a), 28 U.S.C. § 2254. Therefore, this Answer is filed on behalf of Respondent Acting Warden Ben Curry. However, because the petition challenges a parole consideration hearing, the Board is used interchangeably with Respondent in this Answer and the supporting Memorandum of Points and Authorities.

3. Respondent affirmatively alleges that Montenegro eluded police for six years before his arrest for the murder. (Ex. 3 at 6.)

4. Respondent affirmatively alleges that Montenegro began drinking at age nineteen, drank four or five beers a day, and sometimes drank hard liquor. (Ex. 3 at 4.) Montenegro said he also at times smoked marijuana, but denied he used other drugs or narcotics. (*Id.*)

5. Respondent affirmatively alleges that Montenegro did not have legal documentation to reside in the United States. (Ex. 3 at 5.)

6. Respondent affirmatively alleges that Montenegro received six minor disciplinary violations while incarcerated, with the last one in 2005 for contraband. (Ex. 4 at 18; Ex. 5 – Disciplinary History.)

7. Respondent affirmatively alleges that Montenegro received one serious disciplinary violation while incarcerated (in 2002), for refusing to work. (Ex. 4 at 18; Ex. 5.)

8. Respondent affirmatively alleges that a representative of the Santa Barbara County District Attorney's Office appeared at the 2006 hearing and opposed parole. (Ex. 4 at 30.)

9. Respondent admits that the Board denied Montenegro parole on August 16, 2006. (Ex. 4.)

10. Respondent admits that Montenegro filed a petition for writ of habeas corpus in Santa Barbara County Superior Court on February 22, 2007, generally alleging the same causes of action alleged here. (Ex. 6 – Superior Court Petition.) Respondent further admits that the Santa Barbara Superior Court denied Montenegro's petition for writ of habeas corpus on March 15, 2007. (Ex. 7 – Superior Court Order.) After independently reviewing the record, and giving deference to the Board's broad discretion, the superior court concluded that the record contained some evidence to support the Board's denial of parole. (Ex. 7.) The superior court stated that some evidence for the Board's denial was found in the circumstances of the underlying life crime, "which as compared to other second degree murders was carried out in an especially callous manner," Montenegro used a firearm, his motive was trivial, and the murder "was followed by protracted flight and belated admission of guilt." (*Id.*) The superior court also found

the Board "was appropriately concerned with [Montenegro's] disciplinary history during incarceration," and his "failure to provide viable plans following release, notwithstanding contrary evidence of institutional sobriety, active [Alcoholics Anonymous] work, and an exemplary work record." (*Id.*) The superior court noted that the Board also properly considered the District Attorney's opposition to release, and found "these factors [were] not immutable in their significance" because the Board "reconsiders the issue of parole suitability in the future." (*Id.*)

11.  Respondent admits that Montenegro filed a petition in the California Court of Appeal on April 2, 2007, generally alleging the same causes of action alleged here. (Ex. 8 – Cal. Ct. App. Petition.) Respondent further admits that on April 11, 2007, the California Court of Appeal summarily denied Montenegro's petition for writ of habeas corpus. (Ex. 9 – Cal. Ct. App. Order.)

12.  Respondent admits that Montenegro filed a petition for review in the California Supreme Court on April 20, 2007 generally alleging the same causes of action he alleges here. (Ex. 10 – Cal. Sup Ct. Petition for Review.) Respondent admits that the California Supreme Court summarily denied the petition for review on June 20, 2007. (Ex. 11 – Cal. Sup. Ct. Order.) Respondent further admits that Montenegro thus exhausted his state court remedies in regard to the claims alleged here stemming from his 2006 parole consideration hearing. However, Respondent denies that Montenegro exhausted his claims to the extent that they are more broadly interpreted to encompass any systematic issues beyond this particular review of parole denial.

13.  Respondent denies that the state courts' denial of habeas corpus relief was contrary to, or involved an unreasonable application of, clearly established United States Supreme Court law, or that the denial was based on an unreasonable interpretation of facts in light of the evidence presented. Montenegro therefore fails to make a case for relief under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).

14.  Respondent preserves the argument that Montenegro is not entitled to federal habeas relief under 28 U.S.C. § 2254 because there is no clearly established federal law, as determined by the United States Supreme Court, holding that California life inmates have a

federally protected liberty interest in parole. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1 (1979); *Bd. of Pardons v. Allen*, 482 U.S. 369, 374 (1987); *In re Dannenberg*, 34 Cal. 4th 1061, 1087 (2005) (California parole scheme is a two-step process that does not impose a mandatory duty to grant parole to life inmates before a finding of parole suitability); *Sandin v. Connor*, 515 U.S. 472, 484 (1995); *contra Sass v. California Bd. of Prison Terms*, 461 F.3d 1123, 1125 (9th Cir. 2006).

15. Respondent affirmatively alleges that Montenegro had an opportunity to present his case to the Board, and that the Board provided him with a detailed explanation for its parole denial. Thus, Montenegro received all process due under *Greenholtz*, the only clearly established federal law regarding inmates' due process rights at parole consideration hearings.

16. Respondent affirmatively alleges that the Board considered all relevant and reliable evidence before it, and that its decision is supported by some evidence.

17. Respondent affirmatively alleges that the Board properly considered the gravity of Montenegro's commitment offense as required under California Penal Code section 3041(b).

18. Respondent denies that the Board was required to grant Montenegro parole under California Penal Code section 3041 because the California Supreme Court has held that the language of section 3041 regarding parole is not mandatory, there is no right to parole in California, and the Board has extremely broad discretion and is not required to fix a parole date until the inmate is found suitable for parole. *Dannenberg*, 34 Cal. 4th at 1084-88, 1097-98. Under *Dannenberg*, the Board properly found Montenegro unsuitable for parole without relying on the matrices for second degree murder because some evidence relating to the heinous nature of the crime he committed resulted in his still being an unreasonable risk to public safety. In other words, Montenegro's claim is without merit because the Board need not consider any relevant state law sentencing matrix until Montenegro is found suitable for parole. *Id.*

19. Respondent denies that the Board's 2006 denial of parole increased Montenegro's punishment. Respondent also denies that the Board is requiring Montenegro to serve an excessive term. Montenegro was sentenced to a life term (ex. 1), thus, he is not entitled to any term less than life.

Answer to Order to Show Cause; Memorandum of Points and Authorities

*Montenegro v. Curry*
C 07-3906 WHA

20. Respondent admits that Montenegro's claim is timely under 28 U.S.C. § 2244(d)(1), and that the petition is not barred by non-retroactivity.

21. If the Petition is granted, Montenegro's remedy is limited to a new parole consideration hearing before the Board that comports with due process. *Benny v. U.S. Parole Comm.*, 295 F.3d 977, 984-85 (9th Cir. 2002) (the Board must exercise its discretion in determining whether or not an inmate is suitable for parole); *In re Rosenkrantz*, 29 Cal. 4th 616, 658 (2002) (proper remedy if Board decision lacks some evidence is a new hearing that comports with due process).

22. Respondent submits that an evidentiary hearing is not necessary because the claims can be resolved on the existing state court record. *Baja v. Ducharme*, 187 F.3d 1075, 1078 (9th Cir. 1999).

23. Respondent affirmatively alleges that Montenegro fails to state or establish any grounds for habeas corpus relief.

24. Except as expressly admitted above, Respondent denies, generally and specifically, each and every allegation in the petition, and specifically denies that Montenegro's administrative, statutory or constitutional rights have been violated in any way.

Accordingly, Respondent respectfully requests that the Court deny the petition for writ of habeas corpus, and dismiss these proceedings.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**ARGUMENT**

**I.**

**THE STATE COURTS' DENIAL OF MONTENEGRO'S HABEAS PETITION WAS NEITHER CONTRARY TO OR AN UNREASONABLE APPLICATION OF CLEARLY ESTABLISHED FEDERAL LAW, NOR BASED ON AN UNREASONABLE DETERMINATION OF THE FACTS.**

Under AEDPA, a federal court may grant a writ of habeas corpus on a claim that a state court already adjudicated on the merits only if the state court's adjudication was either: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable

determination of the facts in light of the evidence presented at the State Court proceeding." 28 U.S.C. § 2254(d)(1-2).

A state court decision is contrary to established federal law if "the state court applies a rule that contradicts the governing law set forth in [United States Supreme Court] cases," or "the state court confronts a set of facts that are materially indistinguishable from a decision of [the United States Supreme] Court and nevertheless arrives at a result different from [the Court's] precedent." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (citations and internal quotation marks omitted). A state court decision is an unreasonable application of clearly established law "if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decision but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 75. It is not enough that the state court applied the law erroneously or incorrectly; rather, the court must have made an objectively unreasonable application. *Id.* at 75-76.

The state court decisions denying Montenegro's claim for habeas relief are neither contrary to or an unreasonable application of federal law, nor were they based on an unreasonable determination of the facts in light of the evidence presented. First, Montenegro received all process required under *Greenholtz*, the only clearly established federal law specifically addressing the due process rights of inmates in a parole suitability decision. Second, the state court decisions did not involve an unreasonable interpretation of the evidence; rather, the state court properly determined that some evidence supports the Board's decision. Thus, Montenegro fails to establish a violation of AEDPA standards, and the state court decisions denying habeas relief must stand.

When, as here, the California Supreme Court denies a petition for review without comment, the federal court will look to the last reasoned decision as the basis for the state court's judgment. *Ylst v. Nunnemaker*, 501 U.S. 797, 803-804 (1991). In this case, the last reasoned decision is the Santa Barbara County Superior Court's order denying Montenegro's habeas claim. (Ex. 7.) As this decision is neither contrary to or an unreasonable application of federal law, nor based on an unreasonable determination of the facts in light of the evidence presented, Montenegro fails to establish a violation of AEDPA standards. His petition for writ of habeas

Answer to Order to Show Cause; Memorandum of Points and Authorities    *Montenegro v. Curry*
C 07-3906 WHA

corpus must be denied accordingly.

### A. The State Court Decision Was Not Contrary to or an Unreasonable Application of Clearly Established Federal Law and Was a Reasonable Interpretation of the Evidence Presented.

The first standard under AEDPA is that a state court habeas corpus decision must not be contrary to, or an unreasonable interpretation of, clearly established federal law. Here, Montenegro received all process due under *Greenholtz*, the only clearly established federal law regarding the due process rights of inmates at a parole consideration hearing. Furthermore, federal law does not preclude the Board from relying on the commitment offense or other static factors to deny parole. As such, the state court decision denying relief must stand.

#### 1. Montenegro Received All Process Due Under the Only United States Supreme Court Law Addressing Due Process in the Parole Context.

In *Greenholtz*, the United States Supreme Court established the due process protections required in a state parole system. The Court held that the only process due at a parole consideration hearing is an opportunity for the inmate to present his case, and an explanation for a parole denial. *Greenholtz*, 442 U.S. at 16. Montenegro's claim fails because he received both of these protections at his 2006 hearing.

Montenegro appeared and presented his case to the Board, and the Board provided Montenegro with a thorough parole consideration. (Ex. 4 at 2, 4-30.) The Board addressed the commitment offense, Montenegro's social history, minimal prior criminal history, post-incarceration disciplinary history, parole plans, educational and vocational activity while incarcerated, and the psychological evaluations. (*Id.* at 7-30.) After providing Montenegro the opportunity to present his case, the Board gave a detailed explanation for its parole denial. (*Id.* at 31-36.)

In summary, at his August 2006 parole consideration hearing, Montenegro received both an opportunity to present his case and an explanation as to why the Board denied him parole. Because he received all process due under *Greenholtz*, the state courts properly upheld the Board's decision, and the petition should be denied.

///

2. **The Ninth Circuit's Some-Evidence Test Is Not Clearly Established Federal Law.**

Montenegro alleges that the Board's holding must be overturned because it is not supported by any evidence. This argument stems from the holding in *Superintendent v. Hill*, 472 U.S. 445, 455 (1985), in which the United States Supreme Court determined that some evidence must support the decision of a prison disciplinary board to revoke good time credits. In *Jancsek v. Oregon Board of Parole*, 833 F.2d 1289, 1290 (9th Cir. 1987), the Ninth Circuit held that this standard applies not only in the disciplinary context, but the parole context as well, and that some evidence must support the Board's denials of parole. Because the holding in *Jancsek* is not clearly established federal law under AEDPA standards, Respondent maintains that the some-evidence standard does not apply in federal habeas proceedings challenging parole denials.

As the Supreme Court recently made clear in *Carey v. Musladin*, ___U.S.___, 127 S. Ct. 649 (2006), where the Court has not applied a test or standard to a certain type of case it cannot be said that the failure of a state court to do so was an unreasonable application of clearly established federal law. In *Musladin*, the petitioner challenged a state court decision finding that the fact that the victim's family wore buttons displaying the victim's image at the defendant trial was not inherently prejudicial. *Id.* at 650. The Ninth Circuit held that the state court decision was contrary to or an unreasonable application of federal law. *Id.* In reversing the Ninth Circuit, the Supreme Court noted that although it had articulated a test to determine whether state sponsored courtroom practices were inherently prejudicial, it had never addressed the issue of whether conduct by a private party was so prejudicial that it deprived the defendant of his right to a fair trial. *Id.* at 654. "Given the lack of holdings" on the specific issue, the Court reversed the Ninth Circuit and held that the state court's decision was not an unreasonable application of federal law. *Id.*

The Supreme Court has since reiterated its holding in *Musladin*, confirming that a state court decision cannot be contrary to or an unreasonable application of federal law where the Court has not addressed what protection or test is required in a specific factual or legal scenario. In *Schriro v. Landrigan*, ___U.S.___, 127 S. Ct. 1933 (2007), the Ninth Circuit found that the

1 | state court unreasonably applied *Wiggins v. Smith*, 539 U.S. 510 (2003) and *Rompilla v. Beard*,
2 | 545 U.S. 374, 381 (2005) when it denied federal habeas relief to a defendant asserting ineffective
3 | assistance of counsel despite the fact that he had refused to allow his attorney to present any
4 | mitigating evidence. *Landrigan*, 127 S. Ct. at 1942. The Supreme Court reversed that part of the
5 | decision after distinguishing the facts of the case from those in *Wiggins* and *Rompilla*. *Wiggins*
6 | did not address a situation in which the client had interfered with counsel's efforts to present
7 | mitigating evidence. *Id*. And in *Rompilla*, the defendant had not informed the court that he did
8 | not want mitigating evidence presented. *Id*. Because the high court had never addressed a
9 | situation like the one raised in *Landrigan*, the state court's decision was not objectively
10 | unreasonable. *Id*.

11 |       Several recent Ninth Circuit decisions also emphasize that there can be no clearly
12 | established federal law where the Supreme Court has never addressed a particular issue or
13 | applied a certain test to a specific type of proceeding. *Foote v. Del Papa*, 492 F.3d 1026, 1029
14 | (9th Cir. 2007) (affirming district court's denial of petition alleging ineffective assistance of
15 | appellate counsel based on an alleged conflict of interest because no Supreme Court case has
16 | held that such an irreconcilable conflict violates the Sixth Amendment); *Nguyen v. Garcia*, 477
17 | F.3d 716, 718, 727 (9th Cir. 2007) (holding that state court's decision finding *Wainwright v.*
18 | *Greenfield*, 474 U.S. 284 (1986) did not apply to a state court competency hearing was not
19 | contrary to clearly established federal law because Supreme Court had not held that *Wainwright*
20 | applied to competency hearings); *Crater v. Galaza*, 491 F.3d 1119, 1123, 1126, n.8 (9th Cir.
21 | 2007) (citing *Musladin*, the Ninth Circuit acknowledged that decisions by courts other than the
22 | Supreme Court are "non-dispositive" under § 2254(d)(1).)

23 |       Because the Supreme Court developed the some-evidence standard in the context of a
24 | prison disciplinary hearing, which is fundamentally different from a parole proceeding,
25 | application of this standard to a parole decision cannot be clearly established federal law.
26 | *Musladin*, 127 S. Ct. at 654; *Landrigan*, 127 S. Ct. at 1942. The level of due process protections
27 | to which an inmate is entitled is directly related to the level of his liberty interest and the nature
28 | of the decision being made. *Greenholtz*, 442 U.S. at 13-14. At a disciplinary hearing, the inquiry

1  is retrospective and factual in nature, and the prisoner faces a potential loss of credits.
2  *Greenholtz*, 442 U.S. at 14. A decision to parole an inmate is fundamentally different. First, the
3  level of liberty interest an inmate has in the possibility of parole is markedly different from that
4  of an inmate who is facing a loss of credits. *Wolff v. McDonnell*, 418 U.S. 539, 560-561 (1974)
5  (contrasting the different interests that a parolee and a prisoner may have in their deprivation of
6  liberty); *Greenholtz*, 442 U.S. at 13-14 (distinguishing the parole suitability decision from the
7  parole revocation and disciplinary decisions). Second, a parole decision is not factual in nature.
8  Rather, it is a predictive and subjective decision requiring discretionary analysis of the inmate's
9  suitability for release. *Greenholtz*, 442 U.S. at 9-10; *Wilkinson v. Austin*, 545 U.S. 209, 229
10 (2005). In fact, due to the discretionary nature of parole decisions, the Supreme Court has held
11 that, in contrast to prison disciplinary hearings, due process does not require the decision-maker
12 to specify the evidence showing that a prisoner is unsuitable for parole. *Greenholtz*, 442 U.S. at
13 15.

14      Thus, application of the some-evidence standard to a parole proceeding is not clearly
15 established federal law. Instead, the *only* clearly established Supreme Court authority describing
16 the process due when there is a federal liberty interest in parole simply requires that the inmate be
17 given an opportunity to be heard and advised of the reasons he was not found suitable for parole.
18 *Greenholtz*, 442 U.S. at 16.

19      Here, Montenegro does not contend that he failed to receive the protections outlined in
20 *Greenholtz*. (*See generally* Pet.) Because Montenegro received all the process due under the
21 only United States Supreme Court law finding a federal liberty interest in discretionary parole
22 release, the state court decision was not contrary to or an unreasonable application of any United
23 States Supreme Court law. *See* 28 U.S.C. § 2254(d).

24          **3.   Even if the Some-Evidence Standard Applies, Montenegro's Petition
                  Must Be Denied Because the Reasoned State Court Decision
25                Upholding the Board's Parole Denial Was Based on a Reasonable
                  Interpretation of the Facts.**
26

27      Under the some-evidence standard, a decision cannot be "without support" or "arbitrary."
28 *Hill*, 472 U.S. at 457. The some-evidence standard is "minimally stringent," and a decision must

be upheld if there is any reliable evidence in the record that could support the conclusion reached by the fact finder. *Powell v. Gomez*, 33 F.3d 39, 40 (9th Cir. 1994) (citing *Hill*, 472 U.S. at 455-456); *see also Sass*, 461 F.3d at 1129 (stating that "*Hill's* some evidence standard is minimal.") Determining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or the weighing of the evidence. *Toussaint v. McCarthy*, 801 F.2d 1080, 1105 (9th Cir. 1986). Indeed, in examining the record, a court is not to make its own assessment of the credibility of witnesses or re-weigh the evidence. *Hill*, 472 U.S. at 455. The question is whether there is *any* reliable evidence in the record that could support the decision reached. *Toussaint*, 801 F.2d at 1105.

Here, the state court reasonably applied the some-evidence standard. (Ex. 7.) The state court considered the facts and reasonably concluded that the some-evidence standard was met because Montenegro's commitment offense, prison disciplinary history, failure to provide viable plans following release, and the District Attorney's opposed parole, supported the Board's parole denial. (*Id.*) The state court's decision is entitled to deference under AEDPA and may not be reversed unless it is contrary to, or involved an unreasonable application of, clearly established federal law. *Andrade*, 538 U.S. at 75; *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002). Montenegro has not shown that the state court decision was contrary to or involved an unreasonable application of clearly established federal law. Instead, Montenegro disagrees with how the evidence was weighed and evaluated by the Board and the state courts. (*See* Pet.) Neither Montenegro, nor this Court, however, may re-weigh the evidence or assess the credibility of the evidence presented to the Board. *Hill*, 472 U.S. at 455.

The state court properly upheld the Board's decision and found that there was some evidence to support the Board's denial of parole suitability. (Ex. 7.) The Board is required to make any credibility determinations during parole hearings and it has done so. *Rosenkrantz*, 29 Cal. 4th at 677; (Ex. 4). Further, the Board's determinations have been upheld by the state courts, and to the extent that the some-evidence test in *Superintendent v. Hill* is clearly established, the state courts reasonably applied it and found Montenegro's parole denial was supported by some evidence. Therefore, Montenegro's Petition must be denied.

The second standard under AEDPA is that a state court habeas decision must be based on a reasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(2). AEDPA defers to state courts here, indicating that "a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Additionally, Montenegro bears the burden of proving that the state court's factual determinations were objectively unreasonable. 28 U.S.C. § 2254(e)(1); *Juan H. v. Allen*, 408 F.3d 1262, 1270 (9th Cir. 2005). In his Petition, Montenegro fails to prove that the state court's factual determinations were objectively unreasonable.

Here, the state court properly denied Montenegro's petitions. The Board relied on the facts of the crime set forth in the probation officer's report in determining that the crime was egregious. (Ex. 3 at 2-3; Ex. 4 at 7-9.) The Board also relied on Montenegro's limited programming in prison, including his receipt of seven minor disciplinary reports and one serious disciplinary report; his lack of acceptable residential or employment plans upon release; and the Santa Barbara District Attorney's opposition to parole. (Ex. 4 at 33-34.)

The findings of the state court are both supported by the record and a reasonable interpretation of the evidence presented. Montenegro fails to prove that the state court's factual determinations were unreasonable. As such, the state court's denial of habeas relief meets the standards of AEDPA, and there is no basis for this Court to overturn the decision. The petition for writ of habeas corpus should be denied.

### 4. The Board May Rely on Unchanging Factors to Deny Montenegro Parole.

The fact that the Board's decision was based in part on the nature of the commitment offense was not an unreasonable application of federal law because the Supreme Court has never held that continued reliance on an unchanging factor to deny parole violates due process.[2] *See Musladin*, 127 S. Ct. at 654; *Landrigan*, 127 S. Ct. at 1942. California law commands that the

---

2. Also, because the 2006 parole consideration hearing was Montenegro's third hearing, the Board has not unduly continued to rely on his commitment offense to deny parole.

Answer to Order to Show Cause; Memorandum of Points and Authorities

*Montenegro v. Curry*
C 07-3906 WHA

13

crime be the primary consideration in the Board's determination of parole suitability. Cal. Penal Code § 3041. California Penal Code section 3041 requires that the Board examine the commitment offense, as the Board "shall set a release date unless it determines that the gravity of the current convicted offense or offenses, or the timing and gravity of current or past convicted offense or offenses, is such that consideration of the public safety requires a more lengthy period of incarceration." Also, the California Supreme Court held in *Dannenberg* that the Board may rely solely on the circumstances of the commitment offense. 34 Cal. 4th 1061, 1094 (2005).

While the Ninth Circuit has previously stated in dicta that at some point reliance on an unchanging factor such as the commitment offense could possibly violate due process, the Supreme Court has never addressed this issue. *Biggs v. Terhune*, 334 F.3d 910, 916 (9th Cir. 2003). In *Sass*, the Ninth Circuit emphasized that *Biggs* does not contain mandatory language, and that "[u]nder AEDPA it is not our function to speculate about how future parole hearings could proceed"). *Sass*, 461 F.3d at 1129. The *Sass* court then rejected the argument that the Board's reliance on "immutable behavioral evidence" to deny parole violated federal due process. *Id.* The Ninth Circuit most recently addressed this issue in *Irons v. Carey*, ___ F.3d ___, 2007 WL 2027359 (9th Cir. July 13, 2007). In overturning a district court grant of habeas corpus, the Ninth Circuit held that despite substantial evidence of the inmate-petitioner's rehabilitation, the Board acted properly and did not abuse its discretion by relying on the circumstances of the commitment offense to deny parole. *Id.* at *5-6. Thus, the dicta from *Biggs* and its progeny do not preclude the Board from using circumstances of the commitment offense to deny parole, nor may this dicta be used to overturn a valid state court decision.

Accordingly, because Montenegro fails to prove that the state court decision denying parole and rejecting his claims regarding the Board's continued reliance on his crime is contrary to or an unreasonable application of clearly established Supreme Court law, his federal petition must be denied.

///

///

///

Answer to Order to Show Cause; Memorandum of Points and Authorities                    *Montenegro v. Curry*
                                                                                        C 07-3906 WHA

# CONCLUSION

Initially, this Petition should be denied because under AEDPA, to establish entitlement to reversal of a state court parole denial, Montenegro must prove that the state court decisions denying habeas relief are contrary to, or an unreasonable interpretation of, clearly established federal law, or that the decisions involved unreasonable factual determinations. Montenegro does not offer such proof, nor does he contest that he had an opportunity to be heard and that he received a written copy of the Board's decision. That is all the due process to which he is entitled. Even if the Court applies the some-evidence standard, the state courts reasonably concluded that the Board's findings were supported by some evidence. For these reasons, Respondent respectfully requests that this Court deny Montenegro's petition for writ of habeas corpus.

Dated: September 27, 2007

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

ANYA M. BINSACCA
Supervising Deputy Attorney General

PATRICIA WEBBER HEIM
Deputy Attorney General
Attorneys for Respondent

20105851.wpd
SF2007200636

Answer to Order to Show Cause; Memorandum of Points and Authorities

*Montenegro v. Curry*
C 07-3906 WHA

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   *Santiago Montenegro v. Ben Curry, Warden*

No.:   U. S. D. C., N. D., SAN FRANCISCO DIV., C 07-3906 WHA (PR)

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **September 28, 2007**, I served the attached

**ANSWER TO ORDER TO SHOW CAUSE; MEMORANDUM OF POINTS AND AUTHORITIES WITH EXHIBITS 1 - 11**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Santiago Montenegro, H-55090**
**Correctional Training Facility**
**P.O. Box 705**
**Soledad, CA 93960-0705**
in pro per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **September 28, 2007**, at San Francisco, California.

|                          |                          |
|--------------------------|--------------------------|
| J. Baker<br>Declarant    | *[signature]*<br>Signature |

20106277.wpd

Case Name:   *Santiago Montenegro v. Ben Curry, Warden*

Case No.:   U. S. D. C., N. D., SAN FRANCISCO DIV., C 07-3906 WHA (PR)

## INDEX OF EXHIBITS

| Exh. | Description |
|---|---|
| 1 | Abstract of Judgment |
| 2 | Appellate Court Decision, 8/26/93 (affirming conviction) |
| 3 | Probation Officer Report |
| 4 | Subsequent Parole Consideration Hearing Transcript, 8/16/06 |
| 5 | Disciplinary History |
| 6 | Santa Barbara Superior Court Petition |
| 7 | Santa Barbara Superior Court Order |
| 8 | Court of Appeal, Second Appellate District Petition |
| 9 | Court of Appeal, Second Appellate District Order |
| 10 | California Supreme Court Petition for Review |
| 11 | California Supreme Court Order |