# EXHIBIT 10

# S152098

IN THE SUPREME COURT OF THE STATE OF CALIFORNIA

| | |
|---|---|
| In the matter of<br>SANTIAGO MONTENEGRO<br>On Habeas Corpus | COURT OF APPEAL NO. B197875<br>SANTA BARBARA COUNTY<br>Super. Ct. No. 122669 |

SUPREME COURT
FILED
APR 20 2007
Frederick K. Ohlrich Clerk
_____
Deputy

PETITION FOR REVIEW

TO: THE HONORABLE CHIEF JUSTICE, AND TO THE HONORABLE ASSOCIATE JUSTICES OF THE SUPREME COURT OF THE STATE OF CALIFORNIA:

Santiago Montenegro, petitioner herein respectfully requests review following the decision of the Court of Appeal, Second Appellate District, filed on April 11, 2007, denying his petition for writ of habeas corpus. A copy of the denial of the court of appeal is attached hereto as Exhibit (1). Service was by mail, thus 5-day tolling applies (CCP § 1013).

I.

QUESTIONS FOR REVIEW

This case presents the following questions for review:

   (1) Is it a violation of due process and state law for the Board of Parole Hearings decision finding that petitioner pose a threat to society is not supportrd by any evidence and is punitive in nature?

   (2) Is it a violation of petitioner's right to due process for the Board of Parole Hearings to find petitioner unsuitable for parole at his 3rd parole hearing based on immutable factors

1.

of the commitment offense and his prior conduct, rendering the decision arbitrary and an abuse of discretion.

## II.

### JURISDICTION OF THE COURT

Petitioner has exhausted all lower court remedies. Thus, petitioner having been placed in jeopardy and danger of irreparable harm, this court has jurisdiction (<u>Employees Association v. City of Glendale</u> (1975) 15 Cal. 3d 320, 342).

There is no issue of "comity" since both state and federal due process standards are offended. This is particularly true since the California standard of due process is more stringently protective of individual (<u>People v. Ramirez</u> (1979) 25 Cal. 3d 260).

## III.

### HISTORY OF THE CASE

Petitioner, Santiago Montenegro was convicted of second degree murder and sentenced to an indeterminate prison term of 15-years-to life. His Case Number is SM073867. He was recieved into the California Department of Corrections & Rehabilitations on November 6, 1992. At that time the department set his Minimum Eligibile Parole Date for February 3, 2003. On August 16, 2006 petitioner's third parole consideration was held and the petitioner was found unsuitable for parole and received a one year deferment.

# IV.

## ARGUMENTS FOR REVIEW

**(1). IS IT A VIOLATION OF PETITIONER'S RIGHT TO DUE PROCESS AND STATE LAW FOR THE BOARD OF PAROLE HEARINGS DECISION FINDING THAT PETITIONER POSES A THREAT TO SOCIETY IS NOT SUPPORTED BY ANY EVIDENCE AND IS PUNITIVE IN NATURE?**

The Supreme Court held that there must be "some evidence" to suporrt the Board's determination. (In re Powell (1988) 45 Cal. 3d 894, 904).

The requirement of due process are satisfied if some evidence supports the the decision. This standard is met if "there was some evidence from which the conclusion of the administrative tribunal could be deduced".

There is no evidence that the nature of the commitment offense or prior conduct is demonstrative of petitioner's current level of dangerousness or that he poses a threat to public safety. (In re Smith (2003) 109 Cal. App. 4th 489, 505, emphasis in original).

The Board of Parole Hearings offered no supportable, tangible or relialable evidence that petitioner's current level of dangerousness poses a threat to public safety.

Because Petitioner cannot change the past, denying a parole date based only on facts surrounding the crime itself effectively changed his sentence from fifteen years to life into life imprisonment without the possibility of parole.

This case, while resting on state due process (Cal. Const, art. I, § 7, subd. (a)), compares favorably to cases affording habeas corpus relief on federal due process grounds,

against parole denials for California inmates with exemplary postoffense records who had been sentenced to terms of at least 15 years to life for second degree murder. In one, the same inmate earlier involved in the Supreme Court's decision in Rosenkrantz had offended at age 18, shooting a younger brother's friend who had revealed the inmate's homosexuality to the inmate's intolerant father. The court found due process violated when the former Board of Prison Terms (BPT) denied parole, as it had before, based on the gravity of the commitment offense. (Rosenkrantz v. Marshall (C.D. Cal. 2006) 444 F. Supp. 2d 1063, 1065, 1070.) The court reasoned in pertinent part: "While relying upon petitioner's crime as an indicator of his dangerousness may be reasonable for some period of time, in this case, continued reliance on such unchanging circumstances--after nearly two decades of incarceration and half a dozen parole suitability hearings--violates due process because petitioner's commitment offense has become such an unreliable predictor of his present and future dangerousness that it does not satisfy the 'some evidence' standard. After nearly twenty years of rehabilitation, the ability to predict a persons future dangerousness based simply on circumstances of his or her crime is nil. [Citations]. (Id. at p. 1084.) "Furthermore," the court reasoned, "the general unreliability of predicting violence is exacerbated.

    The Board of Parole Hearings violated published guidelines and their action is solely punitive in action.

(2). IS IT A VIOLATION OF PETITIONER'S RIGHT TO DUE PROCESS FOR THE BOARD OF PAROLE HEARINGS TO FIND PETITIONER UNSUITABLE FOR PAROLE AT HIS 3RD PAROLE HEARING BASED ON IMMUTABLE FACTORS OF THE COMMITMENT OFFENSE AND HIS PRIOR CONDUCT, RENDERING THE DECISION ARBITRARY AND AN ABUSE OF DISCRETION.

A review of penal code section 3041 (a) and (b) and California Code of Regulations, Title 15, section 2000 et seq indicates a statutory scheme which contains mandatory language and substantive guidelines to exercise of official discretion that gives rise to a protected liberty interest in parole, curing the "arbitrary decision process".

The Board of Parole Hearings regulations and guidelines are valid and have the force and effect of law and the Board must follow their own regulations and guidlines.

The quantum of process due is that which is minimal required by the constitution unless, as itself to a higher level of process...[cits. omitted] (Kindred v. Spears (5th Cir. 1990) 894 F.2d 1475, 1481-1482, citing Marshall v. Lancing (3rd Cir. 1988) F.2d 933, 943).

By requiring the government to follow appropriate procedures when its agents decide to "deprive any person of life liberty and property", the due process clause promotes fairness in such decision. (People v. Ramirez (1979) 25 Cal. 3d 260, 269.

The continued reliance on unchanging factor, the circumstances of the offense and conduct prior to imprisonment, runs contrary to the rehabilitative goals espoused by the prison system and could result in a due process violation.

5.

1  In case at bench, that due process violation has arrived.
2  (Biggs v. Terhune, supra, 334 F. 3d at 916-917).

## CONCLUSION

For the foregoing reasons, it is respectfully requested that this petition for review be granted in the interest of justice to address the important questions of law of a state-wide importance.

Date: 4-18-07

Respectfully, submitted

Santiago Montenegro
Petitioner In Pro Per

6.

## DECLARATION OF SANTIAGO MONTENEGRO

I declare as follows:

I am the petitioner in this case. I am over the age of eighteen years. I am a party to the attached action. I am a resident of the Correctional Training Facility in Soledad, California. My address is Post Office Box 705/ND-12-UP, CTF North Facility, Soledad, California. 93960-0705. I served the attached document entitled "PETITION FOR REVIEW" on the persons/parties specified below by placing a true copy of said document into a sealed envelope with the appropriate postage affixed thereto and surrendering said envelope to the following:

OFFICE OF THE ATTORNEY GENERAL
300 S. SPRING STREET
LOS ANGELES, CA. 90013

CALIFORNIA COURT OF APPEAL
SECOND APPELLATE DISTRICT
200 EAST SANTA CLARA ST.
VENTURA, CALIFORNIA. 93001

I declare under penalty of purjury under the laws of the United States that the forgoing is true and correct. Executed this 18-Th day of April, 2007 at the Correctional Training Facility in Soledad, California.

_____
Declarant

# EXHIBIT 1

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
SECOND APPELLATE DISTRICT

DIVISION 6

April 11, 2007

In re
   Santiago Montenegro
      on Habeas Corpus

B197875
Santa Barbara County No. SM73867

THE COURT:

    The petition for writ of habeas corpus is denied.

Santiago Montenegro
H55090
Correctional Training Facility
P.O. Box 686
Soledad, CA 93960


Case Number B197875
Division 6
In re
    Santiago Montenegro
       on Habeas Corpus

| | |
|---|---|
| Name Santiago Montenegro | MC-275 |
| Address P.O. Box 705/ND-12-L | |
| CTF North Facility | **FILED**<br>SUPERIOR COURT of CALIFORNIA<br>COUNTY of SANTA BARBARA |
| Soledad, CA. 93960-0705 | FEB 22 2007 |
| CDC or ID Number H-55090 | GARY M. BLAIR, Executive Officer<br>BY _KMR_<br>M.N. RODRIGUEZ, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA BARBARA
(Court)

| | |
|---|---|
| Santiago Montenegro<br>Petitioner<br>vs.<br>Ben Curry: et., al;<br>Respondent | PB6212<br>PETITION FOR WRIT OF HABEAS CORPUS<br>No. **1226699**<br>(To be supplied by the Clerk of the Court) |

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.
- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.
- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.
- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."
- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.
- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.
- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.
- Notify the Clerk of the Court in writing if you change your address after filing your petition.
- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rule 60 of the California Rules of Court [as amended effective January 1, 2005]. Subsequent amendments to Rule 60 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Page one of six

Form Approved by the Judicial Council of California MC-275 [Rev. July 1, 2005] — PETITION FOR WRIT OF HABEAS CORPUS — Penal Code, § 1473 et seq.; Cal. Rules of Court, rule 60(a)

American LegalNet, Inc.
www.USCourtForms.com

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SANTA BARBARA

SANTIAGO MONTENEGRO,

    Petitioner on Habeas Corpus,

vs.

BEN CURRY, et al.

    Respondent.

Case No.: 1226699

Denial of Petition for Habeas Corpus

FILED
SUPERIOR COURT of CALIFORNIA
COUNTY of SANTA BARBARA

MAR 15 2007

GARY M. BLAIR, Executive Officer
BY _____
M.N. RODRIGUEZ, Deputy Clerk

    The court has read and considered the Petition for Writ of Habeas Corpus filed on behalf of Santiago Montenegro, but hereby denies the Petition for failure to state facts on which relief can be granted. (*People v. Swain* (1949) 34 Cal.2d 300, 304). This court is not free to reconsider the "some evidence" standard of review confirmed by the State Supreme Court in *In Re Dannenberg* (2005) 34 Cal.4th 1061. "Some evidence" for the decision of the Board of Prison Terms is found in the circumstances of the underlying life crime, which as compared to other second-degree murders was carried out in an especially callous manner, with use of a firearm, for a trivial reason, and was followed by protracted flight and belated admission of guilt. The Board was appropriately concerned with petitioner's disciplinary history during incarceration and failure to provide viable plans following release, notwithstanding contrary evidence of institutional sobriety, active AA work, and an exemplary work record. The Board also heard from the District Attorney's office in opposition to release. These factors are not immutable in their significance as the Board reconsiders the issue of parole suitability in the future.

DATED: March 15, 2007

_____
JAMES RIGALI
Judge of the Superior Court

-1-