IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTIAGO MONTENEGRO,<br><br>    Petitioner,<br><br>  v.<br><br>BEN CURRY, Warden,<br><br>    Respondent.<br>_____ / | No. C 07-3906 WHA (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

    This is a habeas corpus case filed by a state prisoner pursuant to 28 U.S.C. 2254. The petition is directed to denial of parole.

    The court ordered respondent to show cause why the writ should not be granted. Respondent has filed an answer and a memorandum of points and authorities in support of it, and has lodged exhibits with the court. Petitioner has responded with a traverse. For the reasons set forth below, the petition is **DENIED**.

**STATEMENT**

    Petitioner was convicted of second degree murder in 1992. He received a sentence of seventeen years to life in prison. The petition in this case is addressed to a 2006 denial of parole by the Board of Parole Hearings ("Board"). Petitioner alleges that he filed state habeas petitions in the California Superior Court, Court of Appeal, and Supreme Court, raising the claim presented here, and respondent concedes that the claims are exhausted.

///

**DISCUSSION**

**A.    STANDARD OF REVIEW**

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).  The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13.  A state court decision is an "unreasonable application of" Supreme Court authority, falls under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.  The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.  Rather, the application must be "objectively unreasonable" to support granting the writ. *See id.* at 409.

"Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." *Miller-El*, 537 U.S. at 340.  This presumption is not altered by the fact that the finding was made by a state court of appeals, rather than by a state trial court. *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981); *Bragg v. Galaza*, 242 F.3d 1082,

1087 (9th Cir.), *amended*, 253 F.3d 1150 (9th Cir. 2001).  A petitioner must present clear and convincing evidence to overcome § 2254(e)(1)'s presumption of correctness; conclusory assertions will not do.  *Id.*

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion.  *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir.2000).

**B.    ISSUES PRESENTED**

   **1.    RESPONDENT'S ISSUES**

In order to preserve the issues for appeal respondent argues that California prisoners have no liberty interest in parole, and that if they do, the only due process protections available are a right to be heard and a right to be informed of the basis for the denial – that is, respondent contends there is no due process right to have the result supported by sufficient evidence.  Because these contentions are contrary to Ninth Circuit law, they are without merit.  *See Irons v. Carey*, 479 F.3d 658, 662 (9th Cir. 2007) (applying "some evidence" standard used for disciplinary hearings as outlined in *Superintendent v. Hill*, 472 U.S. 445-455 (1985)); *Sass v. California Bd. of Prison Terms*, 461 F.3d 1123, 1128-29 (9th Cir. 2006) (the some evidence standard identified in *Hill* is clearly established federal law in the parole context for purposes of § 2254(d)); *McQuillion v. Duncan*, 306 F.3d 895, 902 (9th Cir. 2002) ("California's parole scheme gives rise to a cognizable liberty interest in release on parole.").

   **2.    PETITIONER'S CLAIMS**

Petitioner contends that denial of parole was not supported by "some evidence" and thus violated his due process rights.  He also contends that the denial was based solely on the circumstances of the crime, an unchanging factor about which he can do nothing now, and that this violated his due process rights.

3

.        **a.        "Some Evidence"**

Ascertaining whether the some evidence standard is met "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455; *Sass*, 461 F.3d at 1128. The some evidence standard is minimal, and assures that "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Sass*, 461 F.3d at 1129 (quoting *Hill*, 472 U.S. at 457).

It is now established under California law that the task of the Board of Parole Hearings and the governor is to determine whether the prisoner would be a danger to society if he or she were paroled. *See In. re Lawrence*, 44 Cal. 4th 1181 (2008). The constitutional "some evidence" requirement therefore is that there be some evidence that the prisoner would be such a danger, not that there be some evidence of one or more of the factors that the regulations list as factors to be considered in deciding whether to grant parole. *Id.* at 1205-06.

The victim and his girlfriend were in the El Conquistador bar in Santa Maria (Exh. 4 at 8). When the girlfriend went out to the victim's car, petitioner followed her, got into the car, and tried to kiss her (*ibid.*). The victim came out, saw what was happening, and pulled petitioner from the car (*ibid.*). The victim and petitioner argued, at which point petitioner pulled his gun and shot the victim three or four times, killing him (*id.* at 8-9). Petitioner hid until morning and then fled to Mexico (*id.* at 9).

At the hearing petitioner was unable to explain the steps of the Alcoholics Anonymous program (*id.* at 21-23, 29); evidence was received that he had received a serious rule violation report about four years before (*id.* at 18; Exh. 5); and he did not have current letters from his family to support his contention that they would offer him a place to live in Mexico, nor any documentation that he could find work to support himself (Exh. 4 at 25-27).

At the time of the hearing at issue here, which was his second, petitioner had served fourteen years of a seventeen years to life sentence, and was fifty years old.

///

1   The Court's review in this sort of case is extraordinarily deferential. The "some
2   evidence" standard itself is deferential, and added to that is the federal habeas standard
3   forbidding a grant of habeas relief unless the state court decisions were contrary to, or an
4   unreasonable application of, clearly-established United States Supreme Court authority. As a
5   practical matter, in most cases, including this one, this standard means that to grant relief it
6   would be necessary to conclude that the state courts' decisions were "unreasonable," on a
7   question where the "some evidence" standard the state court is applying already gives a great
8   deal of leeway to the Board.

9   The evidence recited above was "some evidence" to support the Board's decision, and
10  even if it was not, the rejections of these claims by the state appellate courts were not contrary
11  to, or unreasonable applications of, clearly-established United States Supreme Court authority.

### b.    "BIGGS CLAIM"

In a line of relatively recent cases the Ninth Circuit has discussed the constitutionality of denying parole when the only basis for denial is the circumstances of the offense. *See Hayward v. Marshall*, 512 F.3d 536, (9th cir. 2008); *Irons v. Carey*, 505 F.3d 846, 852-54 (9th Cir. 2007); *Sass v. California Bd. of Prison Terms*, 461 F.3d 1123, 1129 (9th Cir. 2006); *Biggs v. Terhune*, 334 F.3d 910, 915-17 (9th Cir. 2003).

In *Biggs* the court said that it might violate due process if the Board were to continue to deny parole to a prisoner because of the facts of his or her offense and in the face of evidence of rehabilitation. 334 F.3d at 916-17. No legal rationale for this statement was provided, and it was unclear whether the court was suggesting that the continued denial of parole would be a new sort of due process violation or whether it was simply expressing the thought that with the passage of time the nature of the offense could cease to be "some evidence" that the prisoner would be a danger if paroled. This ambiguity was helpfully cleared up in *Irons*, where the court clearly treated a "some evidence" claim as different from a "*Biggs* claim." *Irons*, 505 F.3d at 853-54. It appears, putting together the brief discussions in *Biggs* and *Irons*, that the court meant that at some point denial of parole based on long-ago and unchangeable factors, when overwhelmed with positive evidence of rehabilitation, would be fundamentally unfair and

5

violate due process.

As the dissenters from denial of rehearing en banc in *Irons* point out, in the Ninth Circuit what otherwise might be dictum is controlling authority if the issue was presented and decided, even if not strictly "necessary" to the decision. *Irons v. Carey*, 506 F.3d 951, — (9th Cir. Nov. 6, 2007) (dissent from denial of rehearing en banc) (citing and discussing *Barapind v. Enomoto*, 400 F.3d 744, 751 n. 8 (9th Cir.2005)). Depending on whether this is correct, it thus may be that the Ninth Circuit has recognized that due process right, which for convenience will be referred to in this opinion as a "*Biggs* claim." Here, petitioner's second issue is a "*Biggs* claim," in that he contends that simply using the circumstances of his offense as grounds for denial for the second time violates due process, separate from his "some evidence" claim, which is discussed above.

Petitioner has failed to establish the predicate for his *Biggs* claim. For one thing, a second denial based on the circumstances of the crime does not amount to the repeated denials which the *Biggs* court suggested might violate due process. For another, petitioner's parole was not denied solely because of the circumstances of his offense, but also because of his disciplinary record, his failure to participate in vocational and "self-help" programs, and his weak parole plans (Exh. 4 at 33-36). There also is no evidence to speak of in the record of rehabilitation. And finally, assuming for purposes of this discussion that the Ninth Circuit has recognized a "*Biggs* claim" and that the holding is binding on this Court, and also assuming arguendo that the right was violated in petitioner's case, petitioner still cannot obtain relief on this theory, because as there is no clearly-established United States Supreme Court authority recognizing a "*Biggs* claim." The state courts' rulings therefore could not be contrary to, or an unreasonable application of, clearly-established Supreme Court authority.

## CONCLUSION

The petition for a writ of habeas corpus is **DENIED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: April  1 , 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.07\montenegro906.RUL.wpd